IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

      Plaintiff,

vs.

JOSEPH CARTAGENAS; HELEN
CARTAGENAS,

      Defendants.

No. 2:13-cv-597-JAM-EFB PS

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

      On March 27, 2013, defendants Joseph Cartagenas and Helen Cartagenas, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Joaquin County.[1] Dckt. No. 1. On April 3, 2013, plaintiff filed a motion to remand the action to state court, and noticed the motion for hearing before the undersigned on May 8, 2013.[2] Dckt. No. 4. Defendants did not file either an opposition or a statement of non-

---

[1] Also on March 27, 2013, defendants filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. Nos. 2, 3. However, in light of the recommendation herein that this action be remanded, defendants' requests to proceed *in forma pauperis* will not be addressed.

[2] This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

opposition to the motion. *See* E.D. Cal. L.R. 230(c) (providing that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."). For the reasons stated herein, the May 8, 2013 hearing is vacated and it is recommended that the motion to remand be granted.

Plaintiff contends that this action should be remanded because (1) removal was untimely under 28 U.S.C. § 1446(b)(1) since defendants did not file their notice of removal until seven months after the unlawful detainer complaint was filed in state court (and only two days prior to trial in state court); (2) this court lacks subject matter jurisdiction over plaintiff's complaint for unlawful detainer since defendants' notice of removal improperly asserts that the basis for removal is diversity jurisdiction, even though diversity jurisdiction is lacking; and (3) defendants, who are California citizens, were prohibited from removing this action to this court, pursuant to 28 U.S.C. § 1441(b).

As plaintiff argues, defendants' March 27, 2013 removal of this action was untimely under 28 U.S.C. § 1446(b)(1). The unlawful detainer action was filed on August 20, 2012, and defendants were in receipt of the complaint sometime before September 27, 2012, when defendants moved to dismiss that complaint in state court. Dckt. No. 1 at 7, 20. Section 1446(b)(1) provides that a notice of removal of a civil action must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Because defendants' notice of removal was not filed within 30 days of defendants' receipt of the complaint and is therefore untimely, plaintiff's motion to remand under § 1447(c) must be granted.

Additionally, although the notice of removal states that this court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(c)(1) and 1446(b), Dckt. No. 1 at 3, the notice of

2

removal does not establish that the amount in controversy exceeds $75,000, a prerequisite for diversity jurisdiction.[3]  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, as plaintiff contends, removal by defendants, who concede that they are California citizens, was improper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *See also Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("Once any 'local' defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant."); *Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

Accordingly, IT IS HEREBY ORDERED that the May 8, 2013 hearing on plaintiff's motion to remand is vacated.

FURTHER, IT IS RECOMMENDED that:

1.  Plaintiff's motion to remand, Dckt. No. 4, be granted; and

////

////

////

---

[3] Because defendants' removal of this action was untimely and plaintiff moves to remand on that basis, as well, the court need not address whether this court has jurisdiction on alternative grounds, such as 12 U.S.C. § 1452(f).  Nor does the court need to address whether this action is duplicative of an earlier action in which defendants attempted to remove the same state court complaint.  *See Fed. Home Loan Mortg. Corp. v. Cartagenas, et al.*, 2:12-cv-03050-GEB-KJN (PS) (remanded to state court on January 16, 2013).

    2. This case be REMANDED to the Superior Court of the State of California in and for the County of San Joaquin.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  May 1, 2013.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE